IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK EDWARD TYLER         :

    Plaintiff              :

v                         :         Civil Action No. DKC-07-806

P.G. COUNTY CORRECTIONAL  :
MEDICAL STAFF
                          :
    Defendant

o0o
## MEMORANDUM

Pending in the above-captioned civil rights case is Defendant's Response to Show Cause which has been construed as a Motion for Summary Judgment. Paper No. 5. Plaintiff was advised that the response was being construed as a motion for summary judgment; he had a right to respond to the motion and there were consequences for failing to file a response opposing the motion. Paper No. 6. Plaintiff has not opposed the motion, and for the reasons that follow, the motion will be granted.

Background

Plaintiff alleged he was being denied proper medical treatment for prostate cancer. Paper No. 1. Plaintiff claims he was diagnosed with an aggressive form of prostate cancer on March 2, 2007, he was told by Dr. Meski that his condition was very serious and that it must be treated as soon as possible. *Id*. at p. 5.   He claims he has had three biopsies and that his PSA (prostate specific antigen) level rose from 3.4 to 15.1 in a period of five months. *Id*.  He claims that a urologist he was sent to by Dr. Meski informed him he needed an emergency biopsy done but "the medical staff" denied the biopsy because the urologist to whom he was referred required payment in full for the testing. *Id*.   Plaintiff alleges he was also told by detention center staff that they were

not going to "spend money" on him until his trial was over. *Id*. at p. 6. He claims that Dr. Meski, who is not a urologist, told him that he should have his prostate removed so it won't cause him any more problems and asserts her advice was unprofessional given it does not concern her specialty. *Id*. Plaintiff claims the denial in medical treatment continued for 25 days and that his life has been endangered by the denial of treatment. *Id*. at p. 7.

Defendant responds that Plaintiff does not have prostate cancer. Paper No. 5. Defendant has submitted affidavits and medical records establishing that Plaintiff has prostatitis, but not cancer. *Id*. at Ex. A and B. Defendant explains that on February 23, 2007, Plaintiff was given a PSA test and the results, received on March 2, 2007, showed an elevated level of 15.470 ng/mL. *Id*. at Ex. A, p. 2. Defendant asserts that an elevated PSA level is not a conclusive indication that someone has prostate cancer; rather, it may indicate an enlarged prostate or prostatitis. *Id*. Moreover, in some cases of prostate cancer there is no elevation in PSA levels. *Id*. In keeping with accepted medical practice, Plaintiff's elevated PSA level prompted further investigation. *Id*.

On March 8, 2007, after examining Plaintiff and noting his prostate was enlarged, Dr. Meski ordered a urology consultation and a repeat PSA test. *Id*. at p. 3. On March 10, 2007, Plaintiff's PSA level was 6.430 ng/mL, which is elevated. *Id*. The urologist, Dr. Kumar, scheduled Plaintiff for a transrectal ultrasound and a biopsy of his prostate gland based on his elevated PSA levels. *Id*., *see also* Ex. B at pp. 5–6. On March 15, 2007, Dr. Meski assessed Plaintiff and determined that he had prostatitis but that prostate cancer should be ruled out. *Id*. Based on her assessment Plaintiff was given antibiotics to treat the prostatitis and he was scheduled for a prostate biopsy. *Id*.

On March 29, 2007, Dr. Kumar performed both an ultrasound and a biopsy of Plaintiff's prostate. *Id*., *see also* Ex. B at pp. 9–13. Plaintiff was kept in the hospital overnight for observation

and returned to detention center. *Id.* The biopsy results were negative for cancer and those results were communicated to Plaintiff. *Id.* (Plaintiff's complaint was signed by him on March 21, 2007, and filed with the court on March 28, 2007, prior to the biopsy.)

Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment

3

with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324.  However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

<u>Analysis</u>

In order to state an Eighth Amendment constitutional claim for denial of medical care, Plaintiff must demonstrate that Defendant's acts (or failures to act) amounted to deliberate indifference to his serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  In essence, the treatment rendered must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.  *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted).  "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier*, 896 F.2d at 851.  Reckless disregard occurs when a defendant "knows of and disregard an excessive risk to inmate health or safety; the [defendant] must both be

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U. S. 825, 837 (1994). Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *See Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Furthermore, mere negligence or malpractice does not rise to a constitutional level. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).

The undisputed facts in this case establish that Plaintiff was provided with appropriate medical care. Plaintiff's symptoms and test results indicated the possibility of a life-threatening illness and Defendant responded to that information accordingly. There is no evidence to suggest that anyone involved in Plaintiff's medical treatment disregarded the need for further investigation into the cause of his elevated PSA level. Accordingly, Defendant is entitled to summary judgment, which shall be granted by separate order which follows.

|   July 17, 2007   | _____/s/_____ |
|---|---|
| Date | DEBORAH K. CHASANOW |
|  | United States District Judge |